UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            CASE NO. 1:09-CR-35

RAY CHARLES FREDERICK,                HON. ROBERT HOLMES BELL

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER DENYING
## WITHDRAWAL OF GUILTY PLEA

    This matter comes before the Court within one week of the sentencing date and many months since the entry of guilty pleas to Count I and III of the Indictment pursuant to a written plea agreement.

    A Presentence Investigation Report (PSR) was prepared by the U.S. Probation Office Specialist Rosalynda Alvarado-Hillary containing some 29 pages and circulated to both counsel and this Court on November 20, 2009. It appears the PSR writer recommends a sentence above the advisory guideline range may be warranted. Not unexpectedly the government's response supports such a recommendation. In fact, on November 23, 2009, this Court, after review of the PSR indicated to counsel it may depart upward from the Sentence Guidelines in imposing an eventual sentence.

IT NOW APPEARS, not only does the Defendant object to upward departure sentence consideration by this Court, but has filed a motion to withdraw his guilty plea on December 9, 2009. In this motion counsel for Defendant informs the Court that a magistrate judge revoked the Defendant's bond due to marijuana use. A review of the "Legal Discussion" portion of Defendant's Motion to Withdraw his plea he correctly cites *United States v. Ellis*, 470 F.3d 275 (6th Cir. 2006) for the principle this Court should review when evaluating a motion to withdraw a plea of guilty. None of these factors really apply to this Defendant's present motion. He has not asserted his innocense; he has an extensive criminal record, and is no novice to the criminal justice system; his "background and nature" do not weigh in his favor for setting aside his plea; and his failure to earlier move to set aside his plea mitigate against setting aside the plea. Finally, and convincingly, no assertion is made that the entire plea taking process of July 24, 2009 was deficient or there be a fair or just reason for withdraw of this plea.

NOW THEREFORE, there being no foundation or reason adequately set forth for withdrawing said plea, the motion to withdrawal of guilty plea (Docket No. 48) is **DENIED**.

Dated: December 11, 2009　　　　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE