UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    File No. 1:09-CR-35-01

    HON. ROBERT HOLMES BELL

RAY CHARLES FREDERICK,

    Defendant.
    _____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for an extension of time to file a notice of appeal by Defendant Ray Charles Frederick. (Dkt. Nos. 57, 58.) According to Defendant, the government does not oppose the motion.

On July 24, 2009, Defendant pleaded guilty to mail fraud and fraud with identification documents. On December 15, 2009, he was sentenced to 72 months of imprisonment. (*See* Dkt. No. 56, J.) Defendant's counsel received an appeal packet at the sentencing hearing noting the deadline for filing an appeal; counsel asserts that it immediately provided the packet to Defendant. (*See* Dkt. No. 55, Acknowledgment of Receipt of Appeal.) The Court also notified Defendant at that hearing that he would have ten days after entry of the judgment to file a notice of appeal. Counsel asserts that Defendant indicated at that time that

1

he did not wish to appeal his sentence. (Dkt. No. 58, Mot. for Extension of Time 2.) The Court entered its judgment on December 23, 2009. (Dkt. No. 56.) Counsel asserts that it received a copy of the judgment that day and mailed a copy to Defendant on the next business day, which was December 28, 2009, due to the holidays. According to counsel, the mailing included a letter indicating to Defendant that a notice of appeal needed to be filed by January 4, 2010, and that he could file the notice himself or instruct counsel to do so. (Dkt. No. 58, Mot. for Extension of Time 2.) Counsel asserts that its office was closed between December 24 and December 27, 2009, and between January 1 and January 3, 2010.[1] The deadline for filing a timely notice of appeal was January 6, 2010.[2] Defendant's counsel asserts that, on January 14, it received a letter from Defendant requesting counsel to file a notice of appeal. The letter was dated January 9 and postmarked January 12, 2010. Defendant's counsel filed the instant motion for extension of time on January 21, and an amended motion on January 22, 2010. Defendant argues that the Court should make a finding of excusable neglect or good cause because Defendant had limited time to review the judgment and/or discuss it with counsel due to the delay in mailing caused by the holidays and because of counsel's unavailability during that time.

---

[1] Counsel asserts that *if* Defendant had attempted to contact it during that time, he would have been unable to do so, and would have been unable to leave a message.

[2] As the new rules make clear, a notice of appeal must be filed within *fourteen* days after entry of judgment. Fed. R. App. P. 4(b)(1)(A).

According to Rule 4(b) of the Federal Rules of Appellate Procedure, the Court may extend the time for filing a notice of appeal *only* upon a finding of "excusable neglect or good cause." Fed. R. App. P. 4(b)(4). Though the government does not oppose Defendant's motion, the Court's discretion is limited by the rule. *See Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989) ("It is well settled that leave to file an untimely notice of appeal is to be granted only in unique or extraordinary circumstances.").

Good cause "will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). Defendant offers no evidence to suggest that forces beyond his control or the control of his counsel prevented the filing of a timely notice. Thus, Defendant has not shown good cause.

With respect to excusable neglect, this standard "has consistently been held to be 'strict,' and can be met only in extraordinary cases." *Marsh*, 873 F.2d at 130; *Nicholson*, 467 F.3d at 526. Nevertheless, the Supreme Court has indicated that the consideration of whether excusable neglect exists is an "equitable" one that should take "account of all relevant circumstances." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 389 (1993).[3] In *Pioneer*, the Supreme Court identified several factors for considering whether

---

[3] While the Supreme Court's analysis applied to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, courts have extended the *Pioneer* analysis to Rule 4(b) of the Federal Rules of Appellate Procedure. *See Stutson v. United States,* 516 U.S. 193, 195 (1996) (citing cases from six courts of appeals).

3

neglect is excusable, including: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and, (4) whether the movant acted in good faith. *Id.* at 395.

To the extent Defendant contends that counsel's delay in mailing the judgment or counsel's unavailability to consult with Defendant is neglect, Defendant offers no evidence to suggest that this neglect had a meaningful effect on Defendant's failure to comply with the deadline. Defendant does not indicate when he finally received notice of the judgment, and there is no indication that he made any attempt to contact his counsel during the period in which counsel was unavailable, or at any other time before the deadline, in order to notify counsel that he was considering an appeal. Counsel allegedly mailed a copy of the judgment to Defendant on December 28 and Defendant mailed a letter to counsel on January 12, but Defendant offers no explanation for the two-week delay in response.

While it appears that Defendant did not have an opportunity to consider the judgment for a full fourteen days as a result of a delay in his receipt of it, other courts have noted that "[f]iling a notice of appeal does not require much time or deliberation." *Pinero Schroeder v. Fed. Nat'l Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir. 1978) (cited in *Marsh v. Richardson*, 873 F.2d 129, 131 (6th Cir. 1989)). Thus, an attorney's lack of time to file a notice has been held to be insufficient as a basis for excusable neglect. *Id.*; *Baker v. Raulie*, 879 F.2d 1396, 1400 (6th Cir. 1989). The judgment itself did not provide any substantial

4

additional information for Defendant to consider that was not already known to Defendant at the time of his sentencing. Moreover, the five-day delay in mailing the judgment to Defendant does not explain Defendant's delay of more than five days after the January 6 deadline (more than a week after the January 4 deadline communicated to Defendant) to attempt to contact his counsel.

Thus, while the government's lack of opposition to the motion suggests a lack of prejudice to the government, and while the length of delay is not substantial, the facts available to the Court suggest that the failure to file a timely notice of appeal was the result of a lack of diligence on Defendant's part, despite his awareness of the filing deadline. *See Marsh*, 873 F.2d at 131 (upholding denial of extension of time where circumstances indicated "inadvertence arising from lack of diligence"); *cf. United States v. Houser*, 804 F.2d 565, 569 (9th Cir. 1986) ("Excusable neglect is shown when the appellant has done 'all he could do under the circumstances' to perfect an appeal within the time prescribed by the rules."). Considering the factors in *Pioneer*, and the Sixth Circuit's admonition in *Marsh* and *Nicholson* that excusable neglect is found only in "extraordinary" cases, the Court cannot conclude that Defendant's failure to file a timely notice of appeal resulted from excusable neglect for which the Court can grant an extension of time. Therefore, because Defendant has not shown good cause or excusable neglect, the Court will deny Defendant's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ray Charles Frederick's motion for extension of time to file a notice of appeal (Dkt. Nos. 57, 58) is **DENIED**.


Dated: January 27, 2010                                    /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE